IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | No. 3:20-CR-258-S |
| | § | |
| KYLE SHAW | § | |

## MEMORANDUM OPINION AND ORDER

By *Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty*, filed October 14, 2021 (doc. 83), this matter has been referred for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why the defendant should not be detained under 18 U.S.C. § 3143(a)(2), and whether it has been shown by clear and convincing evidence that the defendant is likely to flee or pose a danger to any other person in the community if released under 18 U.S.C. § 3142(b) or (c).  Also before the Court is the *Motion for Continued Pretrial Release Pending Sentencing,* filed October 28, 2021 (doc. 88).

Kyle Shaw (Defendant) appeared in person and through counsel for a hearing on November 2, 2021.  After consideration of the filings, evidence, testimony, oral argument, and applicable law, the Court finds that exceptional reasons have been shown, Defendant's motion is **GRANTED**, and he is continued on his current conditions of pretrial release.

### I.  BACKGROUND

Defendant was charged by indictment on June 2, 2020, with conspiracy to possess with intent to distribute methamphetamine and aiding and abetting possession of a firearm in furtherance of a drug trafficking crime.  (*See* doc. 3.)  He made his initial appearance on June 29, 2020, and was released on conditions of pretrial release after a hearing on July 1, 2020.  (*See* docs. 9, 13-14.)  On August 23,

2021, he filed a plea agreement and factual resume in which he agreed to waive his rights and to plead guilty to a superseding information charging him with possession with intent to distribute cocaine. (*See* docs. 64-66.)  He appeared and entered his plea of guilty before a U.S. Magistrate Judge on September 30, 2021, who recommended that the guilty plea be accepted.  (*See* docs. 81-83.)  The recommendation provided notice that upon conviction, Defendant was subject to the mandatory detention provisions of 18 U.S.C. § 3143(a)(2), unless the Court made certain findings.  (*See* doc. 83.) The Court accepted the recommendation on October 14, 2021, and referred the matter for hearing and determination of whether Defendant had made the necessary showing to support the findings required for continued release.  (*See* doc. 85.)

It is undisputed that Defendant has been fully compliant with his conditions of pretrial release. Defendant's motion contends that exceptional reasons why he should not be detained exist because he is the only child of, and sole caretaker for, his 80-year-old mother, who lives with and is supported by him.  His mother testified at the hearing that she had a debilitating stroke in 2008 and a second stroke in 2018, which resulted in the placement of a stent in 2019.  She has not driven since her first stroke, and Defendant takes her to the doctor once a month at this time, and he picks up her medication and groceries.  At the hearing, Defendant clarified that his mother has no relatives in the area other than his 8-year-old daughter, he has attempted to make arrangements with family members who live out of state but has been unsuccessful, and the family members who live in Houston, Texas, also have health issues and are unable to assist with her care.  He is currently exploring nursing home care.

## II.  ANALYSIS

Section 3143(a)(2) of Title 18 mandates the detention of persons who have been found guilty of certain offenses and who are awaiting imposition or execution of sentence, except in certain limited

circumstances.  It provides:

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>
>> **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>
>> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>>
>> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).  In addition, § 3145(c) provides that a person subject to mandatory detention under this section may also be ordered released if the person meets the conditions of release in § 3143(a)(1)[1] and it is clearly shown that there are exceptional reasons why the person's detention would not be appropriate.  *See* 18 U.S.C. § 3145(c); *see also U.S. v. Rothenbach*, 170 F.3d 183 (5th Cir. 1999) (*per curiam*).[2]

The offenses listed in § 3143(a)(2) for which detention is mandatory at this stage of the proceedings described in § 3142(f)(1)(A)-(C) include crimes of violence, crimes with a life sentence, and drug offenses for which a maximum term of imprisonment of ten years or more is prescribed in

---

[1]    Section 3143 (a)(1) states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

[2]    In *U.S. v. Carr*, 947 F.2d 1239, 1240-41 (5th Cir. 1991), the Fifth Circuit explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions".  This provision therefore also applies to the initial determination of whether detention is mandatory under § 3143(a)(2) despite its inclusion in a section generally covering appeals.

the Controlled Substances Act, 21 U.S.C. 801 *et seq.*  In this case, Defendant has been found guilty

of a drug offense that falls within the ambit of § 3142(f)(1)(C).  Accordingly, his detention pending

sentencing is mandatory unless he makes the showings required under § 3143(a)(2) or § 3145(c).

The Court initially finds that Defendant has made the required showing by clear and

convincing evidence that he is neither a flight risk or a danger.  The Government does not dispute that

Defendant has fully complied with his conditions of release, and the pretrial services officer confirms

his full compliance.  Defendant therefore meets the requirement for release while awaiting sentencing

under § 3143(a)(1).  As for the exceptional reasons requirement in § 3145(c), Defendant relies on his

mother's medical condition and ongoing treatment and the need to care for her.

Although the Fifth Circuit Court of Appeals has not defined "exceptional circumstances" for

purposes of this statute, the Second Circuit has described it as "a unique combination of circumstances

giving rise to situations that are out of the ordinary", *United States v. DiSomma*, 951 F.2d 494, 497

(2d Cir. 1991).  The Eighth Circuit has explained that "'exceptional' means 'clearly out of the

ordinary, uncommon, or rare.'"  *United States v. Little,* 485 F.3d 1210, 1211 (8th Cir. 2007) (citation

omitted).  District courts in this circuit have noted a variety of circumstances that do not rise to the

level of exceptional.  *See United States v. Cyrus,* No. 10-0228-04, 2010 WL 5437247, *1-2 (W.D. La.

Dec. 27, 2010) (need to attend to "secure his home and attend to other personal matters" were not

exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98,

99-100 (N.D. Tex.1993) (defendant's cooperation with the government that subjected him to potential

retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons);

*United States v. Dempsey*, No. 91-098, 1991 WL 255382, *1-2 (E.D. La. Nov. 19, 1991) (poor health,

emotional and mental problems, and need to properly prepare his business and his family for his long

absence were not exceptional circumstances).

Courts in this circuit have generally found that the need to care for a family member does not rise to the level of exceptional circumstances. *See United States v. Wright,* No. 3:16-CR-373-M, 2018 WL 1899289, *4 (N.D. Tex. Apr. 19, 2018)(citing numerous cases for the proposition that caring for children and maintaining employment are not exceptional); *see also United States v. Posada,* 109 F. Supp. 3d 911, 913-16 (W.D. Tex. 2015) (finding that desire to make arrangements for family member and manage personal affairs did not constitute "exceptional reasons" even though the government did not oppose release and the defendant had complied with all pretrial release terms); *United States v. Landry,* No. 15-32-JWD-SCR, 2016 WL 5202458, *2-4 (M.D. La. Sept. 4, 2016) (need to care for family was not an "exceptional reason"); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, *1-2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts).

Likewise, courts in other circuits have generally found that the need to care for a family member does not rise to the level of exceptional circumstances. *See United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) (personal reasons such as caring for a family or gainful employment are not exceptional) (quoting *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (collecting cases)); *United States v. Nickell*, 512 F. App'x 660, 661 (8th Cir. 2013) (taking care of children and remaining gainfully employed did not constitute exceptional reasons); *United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001) (noting that although the need to care for a child could constitute exceptional circumstances in combination with other factors, the defendant had not made the requisite showing despite child's medical issues); *United States v. Varney*, No. 12-09-ART-HAI-(1), 2013 WL 2406256, at *4 (E.D. Ky. May 31, 2013) (finding that the defendant's chronic

medical conditions and his status as his seriously ill wife's sole caretaker did not rise to the level of exceptional circumstances); *United States v. Taliaferro,* 779 F.Supp. 836, 838 (E.D.Va.1992) (difficult pregnancy of teenage daughter insufficient).

Those courts which have found that the need to care for a child rises to the level of exceptional circumstances have done so where the defendant has shown that there is a specific need for the defendant parent's assistance. *See United States v. Brown,* 2019 WL 4139402, at * (N.D. Tex. Aug. 30, 2019) (the defendant's step-mother, who was the caregiver for defendant's son, had recently been diagnosed with cancer and was undergoing chemotherapy, and defendant was the only other person available to care for her son, and the defendant was eligible for probation); *United States v. Franklin,* 843 F. Supp. 2d 620, 622-23 (W.D.N.C. 2012) (6'1" 240-pound child with special needs reacted violently to family members other than the defendant, his father and caretaker, and the government did not object to finding of exceptional circumstances); *United States v. Hooks,* 330 F. Supp. 2d 1311, 1313 (M.D. Ala. 2004) (defendant was a single mother who needed to make arrangements for care of her three children during her incarceration); *United States v. Rentas,* 2009 WL 3444943 (S.D.N.Y. 2009) (special needs child was unusually dependant on defendant parent).

Here, Defendant is an only child and has been be the sole caretaker for his 80-year-old mother, who has lived with him several years since her first stroke. She has not been able to drive since then, and she relies on Defendant to take her to her medical appointments for treatment after her second stroke in 2018. Defendant represents that he has attempted to find family members to assist, but there are no other family members available to care for or assist her in the state of Texas at this time, and that he is now exploring nursing home care for her. Based on the showing of a specific need for Defendant's assistance in caring for his mother, the totality of the circumstances of this case rises to

the level of exceptional.

### III.  CONCLUSION

Defendant has met his burden to clearly show exceptional reasons why he should not be detained pending sentencing, and that he is not a flight risk or danger to the community.  He is therefore continued on his current conditions of pretrial release pending his sentencing.

**Signed this 2nd day of October, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE